No. 23,252.

IRVIN SHRIVER, *Appellant*, v. W. J. BELL, *Appellee*.

SYLLABUS BY THE COURT.

REAL-ESTATE AGENT—*No Unconditional Offer to Sell Land Made by Owner—No Commission Earned.* The owner of a tract of land wrote to a real-estate broker (who had submitted an offer for it which was not accepted) asking him to see if he could get a certain amount on stated terms, and adding—"If you can I will advise you at once and may accept your offer as you have made it." The broker wired in answer that he accepted the offer. *Held*, that no contract resulted and the broker was not entitled to recover a commission for having procured a customer ready to take the land on the terms named, for the reason the language quoted amounted to a reservation on the part of the owner of the right to refuse to sell on the terms referred to.

Appeal from 'Wallace district court; ISAAC T. PURCELL, judge. Opinion filed June 11, 1921. Affirmed.

*Clyde F. King*, of Sharon 'Springs, *Lee Monroe, Guy L. Hursh, E. R. Sloan*, and *C. M. Monroe*, all of Topeka, for the appellant.

*W. E. Ward*, of Sharon Springs, *E. C. Flood*, and *E. A. Rea*, both of Hays, for the appellee.

The opinion of the court was delivered by

MASON, J.: [1] Irvin Shriver sued W. J. Bell for a real-estate broker's commission, and appeals from an order sustaining a demurrer to his petition.

The plaintiff was a resident of Wallace county, where the land is situated. The defendant lived in Oswego, N. Y. The entire transaction was conducted by correspondence and the controversy can be determined upon the face of the written communications between the parties. The plaintiff wrote to the defendant April 22, 1918, asking as to the terms on which he would be willing to sell the land—a section containing 645 acres. The defendant replied saying that he still held it at $11 net to him, adding—"I am not very anxious to dispose of it for I think it will increase rapidly in value, but will hold that offer good for the present." On May 6, 1918, and March 10, 1919, the defendant wrote in response to further inquiry, his letters reading:

"I would not sell for $10 per acre, my price is $11 per acre net to me, nor would I sell for only a payment of $1,000 and I would expect six per cent per annum interest."

"I have held my land at $11 per acre net to me and would sell for that price; should you get a reasonable offer submit it to me, for I want to sell if I can get my money out, providing there was a good fair payment I would give reasonable time on the balance."

The following communications were then interchanged, the first being a telegram sent by the plaintiff May 14, 1919, and the second a letter written by the defendant three days later:

"Have offer seven thousand for section seven fourteen forty two Wallace county, Kansas, two thousand cash will give mortgage back on land for five thousand for ten years at six per cent with privilege of paying part or all at any interest payment answer at once."

"Now about the sale of my land there is nearly 645 acres and I do not like to wait so long for my money on so small a payment at time of purchase. I have not sold the land and have had equally as good an offer but thought the payment too small, see if you can't get $11 per acre and $2,000 down with an annual payment of $200 and the interest. If you can I will advise you at once and may accept your offer as you have made it."

On receipt of the last letter the plaintiff telegraphed the defendant: "Accept offer of May seventeenth answer by wire at once." The petition alleged that the plaintiff had procured a purchaser ready, able and willing to pay $13.50 an acre for the land, or $8,707.50, upon the terms stated in the letter of May 17, but that the defendant refused to make the sale. Judgment was asked for $1,612.50.

We think the demurrer was properly sustained on the ground that the defendant did not unconditionally put the land on the market on the terms mentioned in his letter. His exact language was "see if you can't get $11 per acre and $2,000 down with an annual payment of $200 and the interest. If you can I will advise you at once and may accept your offer as you have made it." We regard this as unambiguous, the clear meaning being that in case the plaintiff should submit an offer on the terms stated the defendant would at once let him know whether he would accept it, and that if such an offer were not obtained the defendant might later conclude to let the property go for what had previously been offered. The defendant merely agreed to give further consideration to the offer already made and to consider the new one if it should be submitted. He retained the right to reject both. The plaintiff's telegram undertaking to accept the offer of May 17 could not affect the matter, for the defendant's letter of that date made no outright offer. In that situation, the plaintiff's right to compensation being contingent on his producing a buyer on terms at which the defendant had agreed to sell, no recovery could be had. Cases denying the right of a broker to a commission in somewhat similar circumstances are referred to in note 9, 4 R. C. L. 304. See, also, *Hale v. Kumler*, 85 Fed. 161.

The judgment is affirmed.