No. 33,567

A. J. Schimpff, *Appellee*, v. A. H. Schmidt, *Appellant*.

(73 P. 2d 1052)

Opinion filed December 11, 1937.

*Roscoe King,* of Marion, for the appellant.

*John E. Wheeler,* of Marion, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This was an action for a real-estate commission. A jury trial was waived. The trial court made findings of fact and rendered judgment for plaintiff. Defendant has appealed, and contends the facts found do not support a judgment for plaintiff, but require judgment for defendant. The evidence was not abstracted.

The trial court made four findings of fact, as follows:

"1. The plaintiff resides at Burns, Kan., and is a real-estate broker. On December 23, 1935, the defendant wrote to the plaintiff a letter in which, among other things, he said: 'Now, then, here is what I will do on section 14. I would like to get $25 an acre, and I will give someone $500 for selling it.' And after referring to the price upon another piece of real estate, he said: 'I will either sell them, separately or together, it makes no difference to me, and I hope you will be the lucky one, Mr. Schimpff, to make the commission.'

"2. Acting upon this letter of the defendant, the plaintiff on February 22, 1936, showed said premises to Mary E. Tibbins and her husband, who agreed to take the place and pay therefor the sum of $25 per acre, or $16,000. And on the 25th day of April a contract therefor was written up and sent to the defendant.

"3. Mary E. Tibbins was at the last-mentioned time ready, able and willing to purchase said premises at the price of $25 per acre.

"4. The defendant refused to convey said premises to Mary E. Tibbins."

In response to defendant's motion therefor the court made an additional finding that before plaintiff showed the land to the purchaser, Mary E. Tibbins, he had received a certain letter from defendant, dated January 31, 1936, and the letter is incorporated in the finding. It was in answer to several letters from plaintiff which had reached defendant's office while he was away from home. It

appears that in one of these plaintiff had submitted an offer of less than $25 per acre for section 14. Defendant declined to accept that, said he had been offered more, and stated: "I gave you a schedule a month or so ago to work by and I would not deviate from that one bit." Then followed a lengthy recital of conditions in different parts of the country and of talks the writer had had with various persons, all tending to indicate advancing real property values; and the letter closed with this language: "If you can sell on the basis I offered to sell some time ago, this is still good for a few days subject to my confirmation."

Appellant contends the language last above quoted discloses a limited listing, and that any sale made required confirmation. He cites and relies on *Shriver v. Bell*, 109 Kan. 344, 198 Pac. 933. The cases are readily distinguishable. In that case the correspondence between the parties is set out, and it was said (p. 346): "that the defendant did not unconditionally put the land on the market on the terms mentioned in his letter." That cannot be said here. The land definitely had been put on the market December 23, 1935, at $25 per acre. In his letter of January 31, 1936, defendant specifically said he "would not deviate" from that. So the listing here was unconditional. And in the last sentence he spoke of "the basis I offered to sell some time ago," and said, "this is still good." Now, what was the effect of the language later used, "for a few days"? This should be interpreted to mean until further notice, unless there should be unreasonable delay, and there is no contention of that in this case. Do the words, "subject to my confirmation," make the listing a qualified one? The trial court thought not. We agree with that view. The price and terms of sale were definite—$25 per acre cash. The agreement to pay $500 commission was definite. All these had been specifically referred to in this same letter; hence the writer could not have intended to qualify those things, and they are the ones on which plaintiff's right to a commission depends. Therefore the writer must have intended something else if, indeed, the words have any meaning of consequence. More likely it was a qualification on time of sale, but since no point is made of that it had no bearing on the rights of plaintiff.

We see no error in the record. The judgment of the court below is affirmed.